LEE LITIGATION GROUP, PLLC
CK Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANTE BOSE,<br>*on behalf of herself, FLSA Collective Plaintiffs, and the Class,*<br><br>                    Plaintiff,<br><br>      v.<br><br>YOUNG ADULT INSTITUTE, INC.<br>       d/b/a YAI,<br><br>                    Defendant. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, SHANTE BOSE ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant YOUNG ADULT INSTITUTE, INC. ("Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendant: (1) unpaid wages, including overtime compensation, due to time-shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that she and others similarly situated are entitled to recover from Defendant: (1) unpaid wages, including

1

overtime compensation, due to time-shaving, (2) unpaid wages due to an impermissible policy of deducting employees' paid time off, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

3. Defendant owns and operates a non-profit organization serving people with intellectual and developmental disabilities under the trade name YAI, which is operated out of Defendant's company headquarters located at 220 East 42nd Street, 8th Floor, New York, NY 10017, Defendant employs more than one thousand (1,000) employees. *See* **Exhibit A**, Defendant's Website. More than half of Defendant's business involves the operation of group homes owned by Defendant and located throughout New York, providing 24-hour supervision to those with developmental disabilities. *See* **Exhibit B**, YAI's Public Tax Documentation for Period Ending in June 2020. Additionally, approximately a quarter of Defendant's business involves the operation of day and community services, such as group activities designed to teach life skills and promote independence. *See* id.

4. Plaintiff, putative collective members, and putative class members are all current and former direct support professionals of Defendant, who were all victims of Defendant's underpayment of wages, including overtime. Defendant instituted a policy of automatically deducting thirty (30) minute lunch-breaks from the compensable time of direct support professionals. This deduction occurred despite the fact that Plaintiff putative collective members, and putative class members were (i) not permitted to leave their premises of work for lunch, (ii) not permitted a free and clear meal-break and (iii) were forced to work through lunch entirely. Due to staffing shortages, employees like Plaintiff were never permitted a free and clear meal-break because their presence at Defendant's locations was required as there were never enough employees to provide coverage for employees to go off-the-clock. *Reich v. S. New*

*Eng. Telecomms. Corp.*, 121 F.3d 58, 64 (2d. Cir. 1997) (Finding a lack of free and clear lunch break in part due to the fact employees lacked flexibility with regard to the lunch break and their presence at the work site was indispensable.); *see also* 29 C.F.R. Section 785.19 ("The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating."). In addition to the lack of a clear and free lunch break, direct support professionals such as Plaintiff were frequently forced to forgo lunch entirely, but were still deducted for a thirty (30) minute break.  Plaintiff brings this wage and hour class action on behalf of herself and all direct support professionals employed by Defendant in New York, who during the applicable state and federal limitations periods up to and including the present (the "Class Period"), were similarly underpaid by Defendant in violation of protections afforded under the FLSA and laws and regulations of the State of New York.

5.  Additionally, Defendant impermissibly deducted from employees' accrued paid time off ("PTO") from employees whenever an employee appeared late to work.  When calculating PTO to be deducted for tardiness, Defendant impermissibly rounded the deducted time up to the half-hour mark.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391, as Defendants' headquarters, where the policies and procedures giving rise to this action were set, is located at 220 East 42nd Street, 8th Floor, New York, NY 10017.

## PARTIES

8. Plaintiff SHANTE BOSE is a resident of Brooklyn, New York.

9. Defendant YOUNG ADULT INSTITUTE, INC., is a domestic not-for-profit corporation organized under the laws of New York, with a headquarters and an address for service of process located at 220 East 42nd Street, 8th Floor, New York, NY 10017.

10. At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class members had an employment relationship with Defendant under FLSA and NYLL.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all direct support professionals employed by Defendant on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs for their proper wages, including overtime, due to a policy of time-shaving. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

16. Plaintiff brings claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former direct support professionals employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

17. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendant, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendant, including (i) failing to pay wages, including overtime compensation, due to time-shaving, (ii) improperly deducting PTO due to employee tardiness, and (iii) failing to provide proper wage and hour notices upon hiring and as required thereafter pursuant to the New York Labor Law. Defendant's corporate-wide policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures by Defendant.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class

Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> a) Whether Defendant employed Plaintiff and the Class members within the meaning of the New York law;

b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay Plaintiff and the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendant required to pay Plaintiff and the Class members for their work;

d) Whether Defendant properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e) Whether Defendant paid Plaintiff and the Class members the overtime premium at one-and-one-half times their regular hourly rates for all hours worked in excess of forty (40) each workweek;

f) Whether Defendant operated their business with a policy of failing to pay Plaintiff and the Class members for all hours worked due to a policy of time-shaving;

g) Whether Defendant impermissibly deducted PTO from employees' wages due to tardiness;

h) Whether Defendant provide to Plaintiff and the Class members proper wage and hour notices at date of hiring as required under the New York Labor Law; and

i) Whether Defendant provided proper wage statements informing Plaintiff and Class members of their proper overtime rate of compensation and other information required to be provided on wage statements with each payment of wages, as required under the New York Labor Law.

## STATEMENT OF FACTS

24.  In or around April 2022, Plaintiff SHANTE BOSE was hired by Defendants to work as a direct support professional ("DSP") for Defendant's Youth Adult Institute. Plaintiff's employment with Defendant terminated on or about September 27, 2022.

25.  Throughout her employment, Plaintiff was assigned to work at a group home engaged in care for its disabled residents, which was owned and operated by Defendant, and located at 41-76 Little Neck Pkwy, Flushing, NY 11363.

26.  Throughout her employment, Plaintiff was scheduled to work two (2) days per week, Saturdays and Sundays, from 6:30 a.m. to 2:30 p.m. For the first two (2) months of her employment, Plaintiff would pick up an additional three (3) shifts every week, with the same hours.

27.  Throughout her employment, Plaintiff was compensated at an hourly rate of fifteen dollars ($15) per hour.

28.  Plaintiff, FLSA Collective Plaintiffs, and Class Members were never permitted a free and clear lunch break.  Plaintiff, FLSA Collective Plaintiffs, and Class Members were required to stay at their job site at all hours.  The requirement to stay on premises was particularly important because it was never possible to obtain proper coverage to care for the individuals with disabilities under their supervision.  Consequently, Plaintiff, FLSA Collective Plaintiffs, and Class Members were required to stay on site, continue to work, and could not take a free and clear lunch break.  Despite the lack of lunch break, Defendant would automatically deduct 30 minutes from Plaintiff, FLSA Collective Plaintiffs, and Class Members daily compensable time.

29. Additionally, Plaintiff and Class Members would have their PTO impermissibly deducted to the half-hour whenever an employee was even a few minutes later.

30. Defendant did not provide Plaintiff with proper wage statements at all relevant times. Similarly, Class members did not receive proper wage statements, in violation of the NYLL.

31. Defendant never provided Plaintiff with a proper wage notice as required by the NYLL. Similarly, Class Members were never provided with proper wage notices.

32. In failing to provide proper wage statements and notices, Defendant has failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendant's failure to provide such notices trivializes the importance of these notices in protecting Plaintiffs' interest in ensuring proper pay. Despite Defendant's conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

33. Here, Defendant's failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendant's conduct actually harmed Plaintiff and Class members. Defendant's failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendant's calculations, allowed Defendant to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff

and Class members' rights. This conduct ensured Defendant's ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendant's failure to provide wage notices allowed Defendant to hide the proper frequency of pay to employees. Defendant's failure to provide a wage notice to employees allowed Defendant to hide their responsibility and deprive employees of timely compensation.

34. Due to Defendant's failure to provide legally mandated notices such as earning statements and wage notices, Defendant was able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members. This delayed payment caused Plaintiff to struggle to timely pay bills. Class members similarly struggle to timely pay debts due to Defendant continued attempts to hide wrongdoing from employees.

35. Due to these unlawful acts of Defendant, Plaintiff suffered liquidated damages in an amount not presently ascertainable. In addition, Plaintiff is entitled to reasonable attorney's fees, statutory penalties and costs and disbursements of the action.

36. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACTON
ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS**

37. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

38. At all relevant times, Defendant was and continues to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendant employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, Defendant had gross annual revenues in excess of $500,000.00.

41. At all relevant times, Defendant willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages, including overtime, in the lawful amount for all hours worked due to a policy of time-shaving.

42. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

45. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving, and an equal amount as liquidated damages.

46. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

47. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

48. At all relevant times, Plaintiff and the Class members were employed by the Defendant within the meaning of the New York Labor Law §§ 2 and 651.

49. At all relevant times, Defendant had a policy and practice of time-shaving that failed to pay Plaintiff and Class members for all hours worked

50. At all relevant times, Defendant had a policy of impermissibly deducting a half-hour from an employee's PTO whenever they were even a few minutes late.

51. Defendant failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

52. Defendant failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees in direct violation of the New York Labor Law.

53. Defendant failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by New York Labor Law § 195(3).

54. Due to Defendant's New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendant their unpaid wages, including overtime hours, due to time

shaving, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

   b. An injunction against Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

   c. An award of unpaid compensation due to time-shaving under the FLSA and NYLL;

   d. An award of damages due to Defendant's unlawful deduction of employees' PTO;

   e. An award of statutory penalties as a result of Defendants' failure to comply with wage statement and notice requirements under the NYLL;

   f. An award of liquidated damages as a result of Defendant's willful failure to pay all wages pursuant to the FLSA and NYLL;

   g. An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

   h. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

   i. Designation of this action as a class action pursuant to F.R.C.P. 23;

   j. Designation of Plaintiff as a Representative of the Class;

k.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 20, 2023                                     Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By:     */s/ C.K. Lee*

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*