UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
SHANTE BOSE and RASHELLE :
MANSFIELD, :
*on behalf of themselves, FLSA Collective* :
*Plaintiffs,* : 23-CV-496 (VSB)
*and the Class*, :
                       Plaintiffs : **ORDER**
:
          -against- :
:
YOUNG ADULT INSTITUTE, INC. :
d/b/a YAI, :
:
                     Defendant. :
------------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

      I am in receipt of the parties' submissions in the above captioned matter on October 22, 2025 seeking final approval of class settlement, approval of service awards, and attorneys' fees, costs, and expenses. (Docs. 145–53.)

      I understand from the filings that "[d]ue to an administrative oversight, 23 Class Members were not initially mailed the Notice Packet with the rest of the class." (Doc. 147 ¶ 20.) Therefore, the parties have requested that "if the Court is inclined to grant final approval to the settlement, the final approval Order will be held and only issued upon counsel's confirmation, following the Supplemental Bar Date, that there have been no objections to the settlement." (*Id.* ¶ 21.)

      Because I must consider the objections of "[a]ny class member," including the 23 Class Members who were inadvertently overlooked, Fed. R. Civ. P. 23(e)(5), before approving any class settlement, a second Fairness Hearing will be scheduled for January 12, 2026, at 10:00 a.m. in the Thurgood Marshall United States Courthouse, Courtroom 518, 40 Foley Square, New York, NY, 10007.

Plaintiffs will submit supplemental briefing on the final approval of the class settlement, service awards, and attorneys' fees, costs and expenses, by January 5, 2026. This supplemental briefing must include (1) any additional objections or opt-outs from the 23 class members who were inadvertently omitted from the initial notice distribution; (2) time sheets to be submitted to the Court and a chart of hours billed per timekeeper sufficient for the Court to independently calculate the attested-to lodestar amount of $210,417.50 (Doc. 152 ¶ 11); (3) a detailed breakdown of the administration costs accrued by Advanced Litigation Services and Plaintiffs' position on the reasonableness of the $150,000 fee for claims administration; and (4) Plaintiffs' position on whether the attorneys' fees requested are reasonable as percentage of the overall recovery after administrative costs are subtracted. *See Alvarez v. Sterling Portfolio Inv., LP*, No. 16-cv-5337, 2017 WL 8790990, at *2 (E.D.N.Y. Dec. 13, 2017); *D.J. ex rel. Roberts v. City of New York*, No. 11-cv-5458, 2012 WL 5431034, at *6 (S.D.N.Y. Oct. 16, 2012), *report and recommendation adopted sub nom. Roberts v. City of New York*, No. 11-cv-5458, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012); *Estate of Marshall v. City of New York*, No. 08-cv-2893, 2012 WL 2320764, at *1 (E.D.N.Y. June 19, 2012).

As the date and time of the Fairness Hearing scheduled for Thursday, November 6 at 2:00 p.m., was disseminated to the Class Members via the notice packet, (Doc. 152-2, Ex. A), the hearing will still go forward on that date and time at Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY, in Courtroom 518.

SO ORDERED.

Dated:   November 3, 2025
         New York, New York

Vernon S. Broderick
United States District Judge