**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHANTE BOSE and RASHELLE MANSFIELD, *on behalf of themselves, FLSA Collective Plaintiffs, and the Class*,<br><br>                        Plaintiffs,<br><br>      -against-<br><br>YOUNG ADULT INSTITUTE, INC.<br>      d/b/a YAI,<br><br>                        Defendant. | **Case No.: 1:23-cv-00496** |

**ORDER GRANTING (1) PLAINTIFFS' UNOPPOSED MOTION FOR
CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE
CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; (2)
PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF PLAINTIFFS' SERVICE
AWARDS; (3) PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF
<u>ATTORNEYS' FEES</u>**

After participating in a private mediation session, and despite their adversarial positions in this matter, Named Plaintiffs Shante Bose and Rashelle Mansfield (collectively, "Plaintiffs") and Defendant Young Adult Institute, Inc. d/b/a YAI ("Defendant", and with Plaintiffs, the "Parties") negotiated a settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in the Settlement Agreement and Release ("Settlement Agreement").

On June 13, 2025, Plaintiffs filed for preliminary approval of the settlement, which, for settlement purposes only, Defendant did not oppose. Declaration of C.K. Lee in Support of Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Plan of Allocation, and Approval of the FLSA Settlement ("Lee Decl.") ¶ 14.

On July 10, 2025, Honorable Vernon S. Broderick, U.S.D.J. entered an Order preliminarily approving the settlement on behalf of the Rule 23 class and FLSA collective set forth therein (the "Class" or the "Class Members"), conditionally certifying the settlement class, appointing Lee

Litigation Group, PLLC as Class Counsel, appointing Advanced Litigation Strategies, LLC as Settlement Administrator, and authorizing notice to all Class Members (the "Preliminary Approval Order"). (ECF Dkt. No. 144).

On October 22, 2025, Plaintiffs filed a Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement ("Motion for Final Approval"), which for settlement purposes only, Defendant did not oppose. That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Awards ("Motion for Service Awards"). The motions were unopposed and Defendant did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on November 6, 2025. On January 5, 2026 Plaintiffs filed a supplemental letter brief in further support of approval. On January 12, 2026 the Court held a final fairness hearing. No Class Member objected to the settlement at either the November 6, 2025 or January 12, 2026 hearing.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, Costs, and Expenses, the Motion for Service Awards, and the supporting declarations, the January 5, 2026 supplemental letter brief, the oral argument presented at the November 6, 2025 fairness hearing and the January 12, 2026 final fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the January 12, 2026 final fairness hearing,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Settlement Agreement.

2. The Court approves and incorporates herein by reference the releases and waivers

1

set forth in the Settlement Agreement, which shall be binding in accordance with the terms set forth therein.

3.    This Court has jurisdiction over the subject matter of this Litigation and all matters relating thereto, and over all Parties.

4.    The Court hereby adopts and finally approves, for the purpose of this Order, the definition of the settlement "Class" as that term is defined in the Preliminary Approval Order.

5.    Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.

6.    Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA based on its findings in the Preliminary Approval Order.

7.    The Court confirms as final the appointment of Plaintiffs Shante Bose and Rashelle Mansfield, as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).

8.    The Court likewise confirms as final the appointment of C.K. Lee of Lee Litigation Group PLLC as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for individuals who opted into the Litigation pursuant to 29 U.S.C. § 216(b).

9.    The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. §1715 (CAFA), have been satisfied. Defendant mailed CAFA notices to the appropriate federal and state officials, more than ninety (90) days have passed, and no comment or objection has been received from any government official with regard to the proposed settlement, the Court finds the requirements of CAFA have been satisfied, and this Order granting final approval of the settlement

2

is now appropriate. *See* 28 U.S.C. §1715(d) & (2).

10.     The Court finds that the Class Notice and Collective Notice given to Class Members pursuant to the Preliminary Approval Order met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

11.     Pursuant to Rule 23(e), this Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth therein. The Court finds that the settlement is fair, reasonable and adequate and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, and duration of further litigation.

12.     The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

13.     The settlement is also substantively fair. The factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

3

14.     The Court also finds that the Class's reaction to the settlement was positive, as no Class Member objected to the settlement.

15.     The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Settlement Agreement.

16.     The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel their requested fees of $311,446.67, one-third of the Settlement Fund, plus costs and expenses in the amount of $8,310.86, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market.  The Court finds Class Counsel's hourly rates to be reasonable. This amount shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement.

17.     The Court approves and finds reasonable the service awards of $20,000 ($10,000 to each of the Plaintiff Shante Bose and Rashelle Mansfield), in recognition of the services they rendered as Class Representatives.  This amount shall be paid from the Settlement Fund, subject to the terms of the Parties' Settlement Agreement.

18.     The Court approves the payment of the Settlement Administrator's fees to Advanced Litigation Strategies, LLC, a class administrator under common control of Lee

Litigation Group PLLC, in the amount of $150,000, which shall be paid by or on behalf of Defendant, out of the Settlement Fund, according to the terms of the Parties' Settlement Agreement.

19.     The Parties entered into the settlement solely for the purpose of compromising and settling disputed claims.  Neither this Order, the Settlement Agreement, nor any other document or information relating to the settlement of this Litigation shall constitute, be construed to be, or be admissible in any proceeding as evidence (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or a comparable state law or rules, (b) that any party has prevailed in this case, or (c) that the Defendant or others have engaged in any wrongdoing.

20.     This Action is hereby dismissed with prejudice. However, the Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds.  The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this __15_ day of _January_, 2026.

_____
The Honorable Vernon S. Broderick
United States District Judge

5